UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* | § | |
| LINDA K.S. HITTER | § | |
| | § | CA NO. 1:03CV116 |
| V. | § | JUDGE RON CLARK |
| | § | |
| BAPTIST HOSPITALS OF SOUTHEAST | § | ~~FILED UNDER SEAL~~ |
| TEXAS D/B/A MEMORIAL HERMANN | § | Unsealed 5-31-05 |
| BAPTIST HOSPITAL AT BEAUMONT, | § | |
| ET AL. | § | |

### UNITED STATES' CONSENT TO DISMISSAL
### WITHOUT PREJUDICE AND UNOPPOSED MOTION TO UNSEAL

Comes now, the United States, and files this, its Consent to Dismissal without Prejudice and Motion to Unseal and for cause would show the Court as follows:

I.

The United States, having completed its investigation of the claims asserted by Relator, has no objection to Relator's dismissal of the case without prejudice as to the interests of the United States, and hereby consents to the Order of Dismissal entered herein.

II.

The United States submits that the sole purpose of the seal is to protect the Government's investigation and allow the Government to make an informed decision regarding intervention. Accordingly, the United States opposes Relator's motion to seal the complaint and respectfully moves the Court to unseal the complaint.

The false claims act does not provide for the permanent sealing of qui tam complaints. The qui tam sections of the False Claims Act provide that a copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served

- 1 -

on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information. The Government may, for good cause shown, move the court for extensions of time during which the complaint remains under seal under [the preceding paragraph.] 31 U.S.C. §§ 3730(b)(2) and (b)(3).

The Senate Judiciary Committee's Report identifies the sound reasons for keeping qui tam complaints under seal while the Government pursues its requisite investigation, evaluates the evidence and determines whether or not to intervene. Keeping the qui tam complaint under seal for the initial 60-day time period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action. The initial 60-day sealing of the allegations has the same effect as if the qui tam relator had brought his information to the Government and notified the Government of his intent to sue. The Government would need an opportunity to study and evaluate the information in either situation. (S. REP. NO. 99-345, 99th Cong., 2d Sess. 24, reprinted in 1986 U.S. CODE CONG. & AD. NEWS 5266, 5289).

In order to properly apprise the Court of the status of its investigations and the need for extensions for good cause, the Government files its motions for extensions under seal. The Government proceeds in this manner in order to protect investigative files and sources and determine whether it is appropriate for the United States to take over the litigation which the Relator has

already brought in the name of the United States. Thus, while the need to protect investigative and deliberative processes continues after the United States declines to intervene, there is no basis for the complaint to remain under seal.

The Relator has no objection to the unsealing of the Complaint and the United States feels that routine unsealing of complaints after dismissal helps to preserve the integrity of the qui tam process by opening up such lawsuits to public scrutiny and helps to main public access to judicial records.

Respectfully submitted,

MATTHEW D. ORWIG
United States Attorney

_____
MICHAEL W. LOCKHART
Assistant United States Attorney
Texas Bar No. 12472200
350 Magnolia Avenue, Suite 150
Beaumont, Texas  77701
Telephone:    (409) 839-2538
Facsimile:    (409) 839-2643

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *United States' Consent to Dismissal Without Prejudice and Unopposed Motion to Unseal* was served via first-class mail, postage prepaid, to the relator's counsel of record on this 27th day of April, 2005.

_____
MICHAEL W. LOCKHART
Assistant United States Attorney